IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ulc D.C.

05 JUL -7 PM 3: 47

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| WILLIAM S. PRIDDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03-2664 D/P |
| ) | |
| FEDERAL EXPRESS CORPORATION ) | |
| AND DONNA NOEL, INDIVIDUALLY ) | |
| AND AS AGENT FOR FEDERAL ) | |
| EXPRESS CORPORATION, ) | |
| ) | |
| Defendants. ) | |

---

**ORDER FOLLOWING HEARING GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DONNA NOEL**

---

Before the court is plaintiff's Motion to Compel Production of Documents (dkt #35) and plaintiff's Motion to Compel Production of Donna Noel (dkt #36), both filed on June 1, 2005. On June 3, 2005, defendant Federal Express Corporation ("Fed Ex") filed its response. On June 15, 2005, the court held a hearing on both motions. Counsel for all interested parties were present and heard. At the hearing, the parties informed the court that since the filing of these motions, the parties have completed the deposition of Donna Noel, and therefore that particular motion was now moot. Moreover, the parties had engaged in further discussions

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-12-05

(43)

regarding the disputed document production, and were able to resolve their disputes with respect to document requests 5, 6, 7, 9, and 10.

With respect to document request numbers 1, 3, and 4, the court ruling from the bench GRANTED in part the motion to compel. Specifically, regarding document request number 1, which seeks production of all lawsuits against Fed Ex and Donna Noel in the Mid-South area (defined by plaintiff as Tennessee, Kentucky, Arkansas, Mississippi, Missouri, and Alabama), the court concluded that the request as drafted was overly broad and sought information that was not relevant to this lawsuit. Instead, the court ordered Fed Ex to produce (1) copies of any federal and state complaints filed in the Memphis area against Fed Ex as a named defendant, for the period of January 2000 to the date that this lawsuit was filed, for lawsuits that involve claims of employment discrimination based on disability and race; and (2) copies of any federal and state complaints filed in Tennessee, Alabama, and North Carolina, for the time period of January 1999 to the present, in which Donna Noel was a named defendant in the action or was alleged to have been the Fed Ex employee responsible for the discriminatory act, and which involve allegations of employment discrimination based on disability and race.

Regarding document request number 3, the plaintiff asks for "all documentation of any GFT claim in which Donna Noel as manager, employee or witness was involved including, but not limited to

initial filing, investigation and outcome." The court found that the request as drafted was overly broad and sought irrelevant information. The court ordered Fed Ex to produce documents relating to any GFT claim in which Donna Noel was the manager at Fed Ex accused of the discriminatory action, for the time period from 1999 to the present, involving discrimination allegations based on disability and race.

Regarding document request number 4, the plaintiff seeks personnel files for various Fed Ex employees.[1] The court granted the motion with respect to the personnel files for Donna Noel and Gwen Byrd, and ordered the personnel files to be produced for these two employees. Prior to production, Fed Ex may redact sensitive or confidential information contained in the personnel files that have no relevance to this lawsuit (e.g. social security numbers, medical and insurance matters, etc.). The court denied the motion with respect to the other Fed Ex employees, as these personnel files are not relevant to the claims or defenses in this lawsuit.[2]

Finally, at the conclusion of the hearing, the court took under advisement document request number 2, which asks for "all

---

[1] Fed Ex previously agreed to produce personnel files for Gwen Scott, Donna Noel, and Jeff Werner; however, the plaintiff informed Fed Ex that he no longer wanted the personnel files for Scott and Werner.

[2] Fed Ex only needs to produce the personnel files for these two employees as they are kept in the usual course of business (subject to redactions). Other documents that are not maintained by Fed Ex in its personnel files need not be produced.

internal EEOC documents related to any internal EEOC claim filed which Donna Noel was a manager, employee, or witness." Fed Ex asserts that these documents are protected by the attorney-client privilege and work product doctrine, because the internal investigations are conducted at the direction of in-house counsel. Fed Ex also contends that the time period, which spans the twelves years that Noel has been employed with Fed Ex, is overly broad. In response, the plaintiff states that he would agree to limit his request to the last seven years.

Federal Rule of Civil Procedure 26(b)(1) allows discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed.R.Civ.P. 26(b)(1). The information sought need not be admissible in court in order to be relevant. Rather, the relevance burden is met if the party can show that the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Id. Since Fed Ex has objected to producing the documents on relevance grounds, the burden is on the plaintiff to demonstrate that the request is relevant to the subject matter involved in the pending action. Allen v. Howmedica Leibinger, 190 F.R.D. 518, 522 (W.D. Tenn. 1999) (citing Andritz-Sprout-Bauer, Inc. v. Beazer East, Inc., 174 F.R.D. 609, 631 (M.D. Pa. 1997)); see also Cash Today of Texas, Inc. v. Greenberg, No. 02-MC-77, 2002 WL 31414138, at *1 (D. Del. Oct. 23, 2002)(unpublished). "The party seeking discovery must be able to 'articulate the possible

linkage between the discovery sought and admissible evidence.'" Id. (quoting 7 Moore's Federal Practice § 37.22[2][B]).

The court concludes that the plaintiff has not carried his burden of demonstrating that this particular discovery request, as drafted, seeks information that is relevant to the lawsuit. The request seeks all internal EEOC documents that relate to Donna Noel, whether she was a manager, employee or witness. Although the court finds that Fed Ex's internal investigation of the plaintiff's discrimination claims that are at issue in this lawsuit are certainly relevant, the plaintiff has not sufficiently demonstrated why other internal EEOC investigations involving Noel are relevant.

With respect to the internal investigation involving Noel in this case, Fed Ex asserts that these records are protected by the attorney-client privilege and work product doctrine. However, in its responses to plaintiff's request for production of documents, its response to plaintiff's motion to compel, and at the June 15 hearing, Fed Ex did not provide any further support for its privilege arguments other than a general assertion that the investigation materials are privileged and work product.

Fed Ex carries the burden of demonstrating that the internal investigation records relating to the allegations in this lawsuit are protected by the attorney-client privilege or work product doctrine. See In re Columbia/HCA Healthcare Corp. Billing Practices Litigation, 293 F.3d 289, 294 (6th Cir. 2002)(party asserting privilege carries the burden of establishing the

existence of privilege). Thus, in order to make this determination, the court hereby orders Fed Ex to file a supplemental brief, along with a privilege log and appropriate affidavits, relating to the internal investigation of the plaintiff's claims against Noel at issue in this lawsuit, by no later than July 22, 2005. The plaintiff shall file his response, if any, by July 29, 2005.

IT IS SO ORDERED.

*[signature]*
TU M. PHAM
United States Magistrate Judge

July 7, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 2:03-CV-02664 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

Christopher J. Yost
FEDEX CORPORATION- Hacks Cross
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Mary Helen Beard
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Gregory D. Cotton
COTTON LAW FIRM
6263 Poplar Avenue
Ste. 1032
Memphis, TN 38119

James W. Hodges
HODGES & HODGES
5100 Poplar Avenue
Ste. 610
Memphis, TN 38137

Richard S. McConnell
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

James R. Mulroy
LEWIS FISHER HENDERSON & CLAXTON, LLP
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Honorable Bernice Donald
US DISTRICT COURT